DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, the State of Ohio, has appealed from the decision of the Lorain County Court of Common Pleas which ordered the State to release seized funds back to Defendant, Jerry Standen, and to deposit the remainder of said funds into an interest bearing account with a federally insured lending institution. This Court reverses.
 I {¶ 2} In March 2004, Defendant's bar, Timmy's, was the subject of an investigation regarding illegal gambling. The establishment was searched pursuant to a warrant issued to the Ohio Department of Public Safety and the Lorain County Drug Task Force. During the search, a safe was discovered and opened. The safe contained approximately $46,485, which was seized by authorities.
 {¶ 3} On May 26, 2005, Defendant was indicted on one count of illegal bingo, in violation of R.C. 2915.07(A), a felony of the fourth degree; one count of operating a gambling house, in violation of R.C. 2915.03(A)(1), a misdemeanor of the first degree; and one count of gambling, in violation of R.C.2915.02(A)(2), a misdemeanor of the first degree.
 {¶ 4} On July 22, 2005, Defendant filed a motion to unseal the search warrant affidavit and for the return of property. On October 19, 2005, a hearing was held regarding the motion at which the trial court ordered that the State photocopy Defendant's business records and return the original records to Defendant. The court also mandated that the State deposit $15,000 of the seized funds into an interest bearing account with a federally insured lending institution. Further, the court ordered that the State return $31,819 of the seized funds to Defendant.
 {¶ 5} On October 21, 2005, the State filed a motion for reconsideration and/or a motion to stay the judgment of the trial court pending the State seeking leave to appeal. On October 24, 2005, the State filed a motion for leave to appeal and to have this Court stay the trial court's judgment. On December 12, 2005, this Court granted the State's motion to stay the trial court's judgment pending the outcome of the present appeal. On December 22, 2005, this Court entered a journal entry declaring that an order granting a motion for the return of seized property is an appeal of right and therefore, the State did not require leave to appeal the relevant portion of the trial court's October 19, 2005, order. This Court also denied the State leave to appeal as to the portion of the order unsealing the search warrant affidavit.
 {¶ 6} The State has timely appealed, asserting one assignment of error.
 ASSIGNMENT OF ERROR I
"The trial court abused its discretion when it authorized the release of the funds seized from [Defendant] and when it ordered [the State] to deposit the remainder of the funds into an account with a federally insured lending institution."
 {¶ 7} In its sole assignment of error, the State has argued the trial court erred when it ordered the release of seized funds back to Defendant and the deposit of a portion of the seized funds into an interest bearing account. Specifically, the State has argued that the seized funds were contraband and that pursuant to R.C. 2933.43, the funds should not have been subject to court action or release upon request of the owner. We agree.
 {¶ 8} Pursuant to R.C. 2933.43(A)(1) a law enforcement official "shall" seize property that "has been, is being, or is intended to be used in violation of division (A) of section2933.42 of the Revised Code."[1] R.C. 2933.43(B)(2) states that property lawfully seized because it was determined by the seizing agency to be contraband pursuant to R.C.2901.01(A)(13)(f)[2] "shall not be subject to replevin or other action in any court and shall not be subject to release upon request of the owner" and "shall be kept in the custody of the law enforcement agency responsible for its seizure" pending a forfeiture hearing pursuant to R.C. 2933.43(C). See Id.
 {¶ 9} R.C. 2933.43(C) provides that in certain situations, a forfeiture hearing shall not be conducted prior to a conviction or guilty plea on the underlying criminal offense. R.C.2933.43(C) states in relevant part that:
"If the property seized was determined by the seizing lawenforcement officer to be contraband because of its relationshipto an underlying criminal offense * * * no forfeiture hearing shall be held under this section unless the person pleads guilty to or is convicted of the commission of, or an attempt or conspiracy to commit, the offense[.] * * * [A] forfeiture hearing shall be held in a case of that nature no later than forty-five days after the conviction or the admission or adjudication of the violation [.]" (Emphasis added). R.C. 2933.43(C).
 {¶ 10} Essentially, if the seized property is determined, by the seizing law enforcement officer, to be contraband because of its relationship to the underlying criminal offense, the property is not subject to release upon request by owner and furthermore, must be kept in the custody of the seizing law enforcement agency pending a hearing subsequent to an adjudication of the case. SeeState v. Cavin, 12th Dist. No. CA2003-08-197, 2004-Ohio-4978, at ¶ 16 (stating if an item is contraband, there can be no forfeiture, and hence, no forfeiture hearing, unless the person pleads guilty or is convicted of the offense).
 {¶ 11} In the instant matter, the money was seized because it was determined by the seizing agency to be proceeds of an illegal gambling operation and thus, contraband pursuant to R.C.2901.01(A)(13)(f). Further, the funds at issue were seized because of their relationship to the underlying criminal offense. Therefore, under R.C. 2933.43(C), the forfeiture hearing could not be held until after a conviction, admission of guilt or adjudication of the underlying criminal offense. Because property determined to be contraband is not subject to release or replevin prior to a forfeiture hearing, and a forfeiture hearing could not be held until after trial or a guilty plea, this Court concludes that the hearing on Defendant's motion was premature.
 {¶ 12} Defendant has argued that the State did not prove that the disputed funds were contraband because it did not prove at the hearing that the funds were derived from illegal gambling operations. Therefore, according to Defendant, the funds were subject to release under R.C. 2933.43(C), which states in pertinent part:
"The owner of any property seized because of its relationship to an underlying criminal offense or administrative violation may request the court to release the property to the owner. * * * [I]f the court determines that the property is not needed as evidence * * * the court may permit the release of the property to the owner." (Emphasis added). Id.
 {¶ 13} However, what Defendant has failed to take into account is that the above quoted section of code applies to property related to the criminal offense, not contraband as defined in R.C. 2901.01. As stated supra, if property is determined by the seizing agency to be contraband, the property is to be held by the agency pending a forfeiture hearing and is not subject to replevin or release prior. Accordingly, at the hearing on Defendant's motion, the prosecution was not required to prove that the funds were contraband. That determination is properly left for the trial and a forfeiture hearing as detailed in R.C. 2933.43.
 {¶ 14} To allow a criminal defendant to recuperate property that has been determined to be contraband by law enforcement officials simply by filing a motion for release of property presents numerous difficulties. Allowing such recuperation would not only handcuff the prosecution, it would unduly put the prosecution to its proof prior to trial or forfeiture hearing and would contradict the statute's prescription on releasing contraband occurring in R.C. 2933.43(B)(2).
 {¶ 15} This Court concludes that such a result is contradictory to the plain meaning of the statute. As such, we find that the release of the $31,819 and the deposit of the $15,000 into an interest bearing account were contrary to law. Accordingly, we find that the full amount of the seized funds should be returned to the State to be held in the custody of the law enforcement agency responsible for its seizure until trial or adjudication of the underlying criminal offense, at which time a forfeiture hearing may be conducted.
 {¶ 16} Based on the foregoing, the State's sole assignment of error is sustained and the judgment of the trial court is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed, and remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Carr, J., concurs.
[1] R.C. 2933.42(A) states that "[n]o person shall possess, conceal, transport, receive, purchase, sell, lease, rent, or otherwise transfer any contraband."
[2] R.C. 2901.01(A)(13)(f) defines contraband as: "Any gambling device, paraphernalia, money as defined in section 1301.01 of the Revised Code, or other means of exchange that has been, is being, or is intended to be used in an attempt or conspiracy to violate, or in the violation of, Chapter 2915 of the Revised Code[.]"